```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


HANOI BARBARO ACOSTA,         :
                              :
         Petitioner           :    CIVIL NO. 1:16-CV-02232
                              :
    vs.                       :
                              :
WARDEN EBBERT,                :    (Judge Rambo)
                              :
         Respondent           :
```

**MEMORANDUM**

**Background**

Hanoi Barbara Acosta, a federal inmate presently confined at the United States Penitentiary at Lewisburg, Lewisburg, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he named the warden of that facility as the Respondent. (Doc. 1.)

A review of Acosta's petition and accompanying memorandum and attachments thereto reveals that on July 25, 2007, a federal grand jury in the District of Arizona returned a two-count indictment charging Acosta with child sex trafficking (Count 1) and interstate transportation of a minor for prostitution (Count 2). On May 23, 2008, after a seven-day jury trial Acosta was

found guilty by the jury of Count 2 but the jury was unable to reach a verdict on Count 1. Subsequently, Count 1 was dismissed by the court on motion of the United States. On October 15, 2008, the district court sentenced Acosta to a term of imprisonment of 262 months. A direct appeal was taken to the Court of Appeals for the Ninth Circuit which affirmed the conviction and sentence and then Acosta pursued a petition for certiorari with the Supreme Court which was denied on November 15, 2010. On February 21, 2012, Acosta filed with the district court a motion to vacate, set aside, and correct sentence pursuant to 28 U.S.C. § 2255 which was denied by that court on March 4, 2013. Subsequent proceedings in the district court were unsuccessful and on February 2, 2015, the Court of Appeals for the Ninth Circuit denied an application by Acosta to file in the district court a second § 2255 motion. On April 13, 2016, a motion filed by Acosta to recall the mandate was denied by the Ninth Circuit.

In the present § 2241 habeas petition, Acosta claims that he recently discovered new evidence which

establishes his actual innocence and he requests that this court vacate or set aside his conviction and sentence, and grant him a new trial. The so-called new evidence consists of two affidavits executed in May and June, 2016, and appear to reveal that a female witness who testified against Acosta at trial has recanted her testimony and she only testified against Acosta because of pressure put on her by federal agents. (Doc. 2-1, at 6-7, 10-12.)

The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof.[1] For the reasons set forth below, the petition will be dismissed summarily.

**Discussion**

A federal criminal defendant's conviction and sentence are subject to collateral attack in a

---

1. Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046 (1972).

In Acosta's petition filed in this court, Acosta clearly maintains that his federal conviction violates his federal statutory and constitutional rights. Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced. Acosta is challenging his conviction on the basis of newly discovered evidence. This is the type of claim which should be presented to the court that sentenced Acosta.

Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion

pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by <u>motion is inadequate or ineffective</u> to test the legality of his detention" (emphasis added).

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting <u>United States ex rel. Leguillou v. Davis</u>, 212 F.2d 681, 684 (3d Cir. 1954)).  It has been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness.  <u>See Id.</u>; <u>Cagle v. Ciccone</u>, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of

themselves to show that the motion remedy is inadequate or ineffective. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), cert. denied, 479 U.S. 993 (1986).

It is the petitioner's burden to prove that §2255 would be an inadequate or ineffective remedy. Reyes-Requena v. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Acosta has not met this burden. At best under the present circumstances Acosta may demonstrate a personal inability to utilize the § 2255 remedy, but he does not establish the inadequacy or ineffectiveness of the remedy itself. See Jeffers v. Holland, Civil No. 97-1203, (M.D. Pa. Nov. 7, 1997) (Conaboy, J.); Berry v. Lamer, Civil No. 96-1678, slip op at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.)

(finding that existence of two orders from circuit court warning petitioner that no other submissions shall be filed or entertained in his case, did not render his remedy by way of § 2255 motion inadequate or ineffective); Holland v. Harding, Civil No. 95-0870, slip op at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.)(holding that entering into a sentencing agreement wherein the right to challenge the conviction or sentence by direct appeal or by § 2255 motion is waived does not render a § 2255 motion inadequate or ineffective); see also In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (denying motion for certification to file a second § 2255 petition without prejudice to petitioner filing a § 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a

holding would effectively eviscerate Congress's intent in amending § 2255.").

The legislative limitations on successive § 2255 proceedings do not render the remedy either inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this Court. To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction. That Congress did not intend such a result is made manifest by 28 U.S.C. § 2244(a), which provides that no district judge "shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in Section 2255." As noted above, § 2255 authorizes a district court to consider a habeas corpus petition of a federal prisoner only if the § 2255 motion is inadequate or ineffective. Clearly in view of the

fact that Acosta has already filed a § 2255 motion regarding his conviction, that remedy has proven to be an affective and adequate means for him to challenge the legality of his detention.

Thus, the court will dismiss Acosta's petition for a writ of habeas corpus under 28 U.S.C. § 2241, without prejudice to any right Acosta may have to seek leave to file a successive § 2255 motion in the sentencing court relating to the claim of newly discovered evidence.

Finally, Acosta is not detained because of process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this court with respect to a certificate of appealability is necessary.

An appropriate order will be entered.

                           s/Sylvia H. Rambo
                           SYLVIA H. RAMBO
                           United States District Judge

Date: February 1, 2017